HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Peoples Bank,

      Plaintiff,

  v.

Norcoaster, *et al.*,

      Defendants.

Case No.  2:22-cv-00127-RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion for Order Authorizing Clerk to Issue Process Pursuant to Supplemental Rule C.  Dkt. # 6.  Through this motion, Plaintiff asks the Court to authorize the Clerk to "to issue a Warrant for Arrest for the defendant vessel, NORCOASTER, Official Number 563617."  *Id.* at 1-2.

An in rem action may be brought to enforce any maritime lien or "[w]henever a statute of the United States provides for a maritime action in rem or a proceeding analogous thereto."  Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(1); *see also* 46 U.S.C. § 31325 (authorizing a mortgagee, upon the default of a preferred mortgage, to "enforce the preferred mortgage lien in a civil action in rem for a documented vessel").  "To commence an action in rem against a vessel, the plaintiff must file a verified complaint that describes the vessel 'with reasonable particularity' and states that the vessel 'is within the district' or will be so 'while the action is pending.'"  *Barnes v. Sea Hawaii*

ORDER – 1

*Rafting, LLC*, 889 F.3d 517, 529 (9th Cir. 2018) (quoting Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)).  If after reviewing a complaint and any supporting papers it appears that the conditions for an in rem action exist, "the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."  Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2).

Plaintiff meets all but one requirement to bring an in rem action.  Plaintiff's complaint is verified.  Dkt. # 1 at 11; Dkt. # 3 ¶ 2.  It states that the defendant vessel, Norcoaster, is, by the terms of the loan documents, located at Fisherman's Terminal, 3919 18th Avenue W, Seattle, WA 98119.  Dkt. # 1 ¶ 3.  The vessel is thus within this district or will be so while the action is pending.  And Plaintiff attaches to the complaint its preferred marine mortgage securing Defendants' debt.  *Id.* ¶ 12, Ex. D.

But Plaintiff misses one requirement: it fails to "describe with reasonable particularity the property that is the subject of the action."  Fed. R. Civ. P. Supp. Adm. & Mar. Cl. R. C(2)(b).  It does not describe the Norcoaster at all.  *Cf. Cahuenga Assocs. II v. S/V MAKO*, 256 F. Supp. 3d 1092, 1095 (S.D. Cal. 2017) (finding Admiralty Rule C requirements met when the complaint identified the vessel as a "2003 Farr 40 sailboat of approximately 40.5–feet in length, and 13–feet in beam"); *City of Brisbane v. M/Y Sasi Sue*, No. 3:19-cv-02496-RS, 2019 WL 3363791, at *2 (N.D. Cal. May 10, 2019), *report and recommendation adopted*, 2019 WL 3386267 (N.D. Cal. May 14, 2019) (finding reasonable particularity met when a complaint described the vessel as "a 38-foot Bertram motor yacht").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER – 2

1   Because Plaintiff fails to identify the Norcoaster with reasonable particularity, the
2 Court **DENIES** Plaintiff's motion.  Dkt. # 6.  The Court does so without prejudice to
3 refiling.

5   DATED this 4th day of February, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3