HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PEOPLES BANK,

    Plaintiff,

    v.

NORCOASTER., *et al*.,

    Defendants.

Case No. 2:22-cv-00127-RAJ

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's motion for default judgment. Dkt. # 36. For the reasons below, the Court **GRANTS IN PART** the motion.

## II.   BACKGROUND

Plaintiff filed its complaint for damages on February 4, 2022 seeking foreclosure of promissory notes against Defendant Billy Shipp and related defendants (hereinafter, the "Shipp Defendants"). Dkt. # 11. Plaintiff timely effected service of copies of the summons and complaint on the Shipp Defendants on March 31, 2022. *See* Dkt. ## 17, 18, 19 20. The Shipp Defendants have failed to timely appear or take any action in this matter. The Clerk has entered default against the Shipp Defendants. Plaintiff now requests a default judgment, including costs, attorney fees, and prejudgment interest. *See* Dkt. # 36.

ORDER – 1

## III. DISCUSSION

Plaintiff requests a default judgment under Federal Rule of Civil Procedure 55(b)(1). See Dkt. # 36. Rule 55(b)(1) authorizes the Clerk of the Court to enter default judgment "if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" Judgment must be entered "on the plaintiff's request, with an affidavit showing the amount due" "for that amount and costs" if the defendant "has been defaulted for not appearing" and is "neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1).

The Ninth Circuit has stated that Rule 55(b)(1) applies where there is "no doubt" remaining "as to the amount to which [defendant's] default entitled [plaintiff]." *Franchise Holding II, LLC v. Huntington Restaurants Grp.*, 375 F.3d 922, 929 (9th Cir. 2004). Moreover, an award of prejudgment interest is discretionary but routinely recognized as an element of complete compensation. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

Here, Plaintiff asserts that it is entitled $1,000,280.84—the amount owed under the First Note of $1,200,000 and Second Note of $100,000 plus interest as specified under the notes. Dkt. # 38. Plaintiff relies on the declaration of Ivan Dochovski, its Vice President and Credit Risk Manager. See *id*. Because there is no genuine dispute of material fact, and and the allegations in the complaint are sufficient to state a claim, the Court finds default judgment appropriate of the sums owed under the notes. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Plaintiff also requests $15,000 for attorneys' fees and $1,753.25 for costs. Dkt. # 38-2. Plaintiff's request for attorney fees is deficient. "If plaintiff seeks attorney[ ] fees, plaintiff must state the basis for an award of fees and include a declaration from plaintiff's counsel establishing the reasonable amount of fees to be awarded, including, if applicable, counsel's hourly rate, the number of hours worked, and the tasks performed." LCR 55(b)(2)(C). Plaintiff has not submitted a declaration to substantiate the fees request.

ORDER – 2

Therefore, Plaintiff must substantiate its fee request in a supplemental motion for attorney fees.

## IV.  CONCLUSION

The Court, having reviewed the relevant briefing and the remainder of the record, finds adequate bases for **default judgment**. Accordingly, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion for **Default Judgment**, Dkt. #16, is GRANTED IN PART. Plaintiff is awarded $1,000,280.84 in damages and $1,753.25 in costs.

(2) No later than 21 days from the date of this Order, Plaintiff may file a supplemental motion for attorney's fees, limited to six (6) pages, and supported by documentary evidence reflecting the amount of fees sought.

DATED this 30th day of June, 2023.

*(signature)*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3